# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W Swan, | No. CV-17-00940-PHX-JJT (DMF) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondent. | |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation (Docs. 8, 27).

## I.    Procedural History

On March 29, 2017, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court required an answer to the Petition (Doc. 8), which was filed on October 26, 2017 (Doc. 13). On December 29, 2017, the Court extended to March 2, 2018, the time for Petitioner to file a Reply in support of his Petition for Writ of Habeas Corpus (Doc. 19). No reply has been filed to date. Before the filing deadline for the reply, on January 9, 2018, Petitioner filed a Motion to Retract or Stay His Habeas Corpus (Doc. 20). The Court ordered a response (Doc. 21), which was timely filed on February 5, 2018 (Doc. 22). The motion (Doc. 20) is ripe for the Court's decision.

Thereafter, Petitioner sent to undersigned a letter stating that, with regard to his Petition for Habeas Corpus Pursuant to 28 U.S.C. Section 2254, "I give up my fight[.] I don't have the know how or means to go on." The Clerk of Court docketed this letter on February 12, 2018 (Doc. 23). The Court construed the letter as a motion to dismiss his habeas petition (Doc. 25). Respondents Charles Ryan and the Arizona Attorney General filed a Notice to the Court (Doc. 24), bringing to the Court's attention a similar letter the Attorney General received from Mr. Swan containing verbatim the same language referenced above in the letter to undersigned. The Court ordered a response from Respondents (Doc. 25). Respondents timely filed a response (Doc. 26). The motion to dismiss (Doc. 23) is ripe for the Court's decision.

Petitioner is pro se. Petitioner filed a motion to appoint counsel on December 11, 2017 (Doc. 16), which was denied on December 13, 2017 (Doc. 17) ("Petitioner has not made the necessary showing for appointment of counsel at this time. The Court will deny without prejudice the Motion to Appoint Counsel. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings").

**II.     Analysis**

In his motion (Doc. 20), Petitioner does not sufficiently explain his reasons for requesting a stay of these proceedings. He states that he wants to "amend his Rule 32" (in other words, he wishes to amend his state court post-conviction petition) (Doc. 20 at p. 2). Yet, the Court agrees with Respondent that all of Petitioner's habeas claims appear to be actually or technically exhausted in the state court. Thus, this is not a case for the *Rhines v. Weber*, 544 U.S. 269 (2005), stay-and-abey procedure. "[R]outinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings," *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014) (citing *Rhines*, 544 U.S. at 277); *see also Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005). Petitioner has not shown that a stay is appropriate in this matter.

Insofar as Petitioner's motion and letter (Docs. 20 and 23) constitute a motion to

dismiss his habeas petition without prejudice, Respondents explain that such a dismissal will result in a time-bar preventing this Court from considering the merits of Grounds 2 and 3 in a subsequent petition, *see Duncan v. Walker*, 533 U.S. 167, 180–81 (2001) (stating that there is no tolling under § 2244(d)(2) for the time during which a federal petition that was dismissed without prejudice was pending). Accordingly, a request to dismiss [Swan's] petition without prejudice would not serve Swan's interests and should be denied" (Doc. 22 at p. 3).

Respondents oppose the motion to dismiss (Doc. 23) stating that "while courts must liberally construe claims raised by a habeas petitioner, *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), pleadings filed by a petitioner should not be construed in a manner that would prejudice the petitioner, *see Emanuel v. Neven*, 2017 WL 6614096, at *5 (D. Nev. Dec. 27, 2017) ('The Court otherwise is not inclined to liberally construe the pleading also as a motion for leave given that such a purportedly liberal construction potentially could operate to prejudice petitioner's interests . . . .')" (Doc. 26 at p. 2). Here, dismissal without prejudice would appear to cause Swan's interests to be prejudiced because a later refiling of his habeas petition would likely subject Swan to a time-bar. This would result in the Court not having the opportunity to consider any of Swan's claims on the merits. Thus, the motion to dismiss should be denied.

To the extent that Petitioner is requesting the Court to reconsider its previous denial of his request to have counsel appointed (Docs. 16, 17), the request to reconsider is not well taken. Motions to reconsider are granted only if the movant makes a showing of manifest error, new facts, or new legal authority. LRCiv. 7.2(g). These motions should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders ofWildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal quotation marks omitted). Petitioner fails to satisfy LRCiv. 7.2(g).

Accordingly,

**IT IS RECOMMENDED that** Petitioner's motions (Docs. 20, 23) be denied.

- 3 -

**IT IS FURTHER RECOMMENDED that** Petitioner be permitted to file a Reply in support of his habeas petition **within 28 days of this Report and Recommendation** if no objection to this Report and Recommendation is filed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 13th day of April, 2018.

Honorable Deborah M. Fine
United States Magistrate Judge

- 4 -